UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DR. IFEOMA EZEKWO,<br><br>                    Plaintiff,<br>         -against-<br><br>OPMC (OFFICE OF PROFESSIONAL MISCONDUCT); NEW YORK STATE DEPT. OF HEALTH; JOHN OR (JANE) DOES 1-10,<br><br>                    Defendants. | 23-CV-10390 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se,* brings this action against the New York State Department of Health ("DOH") and DOH's Office of Professional Misconduct ("OPMC"). Plaintiff paid the filing fees to initiate this action.

Plaintiff previously brought a substantially similar complaint against the same defendants that the Court dismissed as frivolous. *See Ezekwo v. OPMC*, ECF 1:22-CV-7684, 1 (LTS) (S.D.N.Y. Mar. 14, 2023) ("*Ezekwo II*"). For the reasons set forth in *Ezekwo II*, the Court dismisses the complaint in this action as frivolous.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (per curiam) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544 (2007); *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"). Additionally, "a complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Neitzke*, 490 U.S. at 327).

## DISCUSSION

In *Ezekwo II*, the Court noted that Plaintiff had previously initiated a third action against DOH and OPMC, *see Ezekwo v. OPMC*, ECF 1:21-CV-1274, 7 (LTS) (S.D.N.Y. July 23, 2021) ("*Ezekwo I*"), and determined that the complaint in *Ezekwo II* should be dismissed as frivolous:

> Plaintiff's attempt to bring claims against these same agencies, despite the dismissal of her claims in *Ezekwo I*, is frivolous. Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, there is no legal theory on which Plaintiff can rely to assert claims against these two Defendants, *see Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. As the Court already addressed these claims in *Ezekwo I*, placing Plaintiff on notice that the Eleventh Amendment bars the claims, her attempt to relitigate them is frivolous. Thus, the Court dismisses this action as frivolous.

*Ezekwo II*, ECF 1:22-CV-7684, 5 at 3. Accordingly, the Court dismisses this action as frivolous for the same reasons set forth in *Ezekwo II*.

## LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court

2

declines to grant Plaintiff leave to amend her complaint. *See Dwyer v. United Kingdom Gen. Commc'ns Headquarters*, No. 22-3012, 2024 WL 259693, at *1 n.1 (2d Cir. Jan. 24, 2024) ("While our cases generally discourage . . . dismissing an action *sua sponte* without notice and opportunity to respond, *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018), we have recognized exceptions for "unmistakably" defective pleadings, *id.*, and serial litigation that "reassert[s]" claims previously dismissed, *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000). Based on [the plaintiff's] litigation history (against Tombs in particular) and the district court's finding of factual frivolousness, no-notice *sua sponte* dismissal was appropriate here because [the plaintiff] was on constructive notice that his claims were vulnerable to dismissal.").

## CONCLUSION

The Court dismisses Plaintiff's complaint as frivolous, for the reasons stated in *Ezekwo v. OPMC*, ECF 1:22-CV-7684, 5 (LTS) (S.D.N.Y. Mar. 14, 2023).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   February 26, 2024
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge